Per Curiam.

Police officers entering an apartment to execute a search warrant saw Joseph Russo hand the defendant a white envelope. Then, upon seeing the officers, Russo abruptly snatched the envelope back and threw it to the floor. A search revealed that it contained gambling records. The defendant was charged and convicted of possessing gambling records in the first degree (Penal Law, § 225.20) and promoting gambling in the first degree (Penal Law, § 225.10, subd 2). On this appeal the defendant claims that there was insufficient evidence to establish his guilt to either charge beyond a reasonable doubt.
With respect to the possession count he argues that there was no showing that he (1) had any knowledge of the contents of the envelope or (2) possessed more than 500 plays or chances on the date of arrest, since the slips were undated. In view of the fact that the defendant was seen in actual possession of the envelope there is a presumption that he had knowledge of its character and contents (Penal Law, § 225.35). In addition there was testimony that for some time the apartment had been used to conduct a gambling business and *1006 that the defendant, who did not reside there, was frequently observed entering and leaving on a regular basis. Considering all the circumstances, including the presence in the apartment of racing forms and other items generally associated with gambling, the jury could well conclude that the defendant was fully aware of what the envelope contained.
With respect to the promoting charge, defendant argues there was no evidence that the written records he received were "from a person other than a player.” Here it is sufficient to note that at least one of the slips which was handed to him was "a collector’s slip”, that is one made by an individual who receives and records bets from players.
We also find no merit to defendant’s argument that the arresting officers’ testimony should have been excluded because they had destroyed the notes they had made on the scene after the information had been transferred to their reports. People v Betts (297 NY 1000) is distinguishable because here there is no indication that the officers intentionally destroyed the documents to frustrate the defendant’s right to cross-examination, nor was it established that they had no independent recollection of the circumstances surrounding the arrest. Thus reference to the final reports was made only to refresh recollection (see Richardson, Evidence [10th ed], § 466, p 454). However if the reports had not been destroyed they would not have constituted exempt property (see CPL 240.10, subd 3) as the District Attorney contends (People v Gilligan, 39 NY2d 769).
The order appealed from should be affirmed.
Judges Jasen, Gabrielli, Jones and Wachtler concur in Per Curiam opinion; Chief Judge Breitel and Judges Fuchs-berg and Cooke dissent and vote to reverse and order a new trial in the following memorandum: The evidence relating to the perjury indictment of a fellow police officer resulting from his testimony in another case involving this defendant should have been allowed in attempted impeachment of the police testimony and to establish that the instant case was contrived. In view of the incredible account, albeit not as a matter of law, of the police in this case in describing the recovery of the contraband, defendant established a significant basis for placing this evidence before the jury. Defendant may be a criminal gambler, but the issue is whether he was guilty in this case of criminal possession of gambling records.
*1007 Order affirmed.