THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOHNNY GRAY, Appellant.

Fourth Department, December 14, 1979

**APPEARANCES OF COUNSEL**

*Nathaniel A. Barrell (Anna Marks* of counsel), for appellant.

*Edward C. Cosgrove, District Attorney (Michael Hudson* of counsel), for respondent.

**OPINION OF THE COURT**

CALLAHAN, J.

Defendant appeals from a judgment entered January 9, 1979 following a jury verdict convicting him of unlawful imprisonment in the second degree (Penal Law, § 135.05), reckless endangerment in the second degree (Penal Law, § 120.20), and criminal possession of a weapon in the second degree (Penal Law, § 265.03).

Defendant contends (1) that the trial court erred in instructing the jury that "Possession by any person of a weapon designed or made primarily for use as a weapon, is presumptive evidence of intent to use the weapon unlawfully against another."; (2) that the trial court erred in charging the jury that "It is the fundamental rule of evidence that a person is presumed to intend the logical and natural consequences of his acts." Each of these instructions, defendant maintains, deprived him of his right to due process of law under the Fourteenth Amendment, relying upon the Supreme Court's recent decision in *Sandstrom v Montana* (442 US 510), decided June 18, 1979, some six months after defendant's conviction. In *Sandstrom,* the United States Supreme Court, passing on the propriety of an instruction in a Montana trial charging "deliberate homicide", held that in a case in which intent is an element of the crime charged, the jury instruction that "the law presumes that a person intends the ordinary consequences of his voluntary acts" violates the Fourteenth Amendment's requirement that the State prove every element of a criminal offense beyond a reasonable doubt. On this appeal defendant argues that while Penal Law

(§ 265.15, subd 4) creates a presumption, this presumption unconstitutionally shifts the burden of proof to him to establish his innocence and according to *Sandstrom* requires reversal.

■ At the threshold we are confronted with two procedural issues. The first is whether the defendant has preserved a question of law for our review inasmuch as he failed to object to either of the two jury instructions he now claims to be erroneous. The People submit that inasmuch as no timely objection was made to the charge, the issue has not been properly preserved for review on appeal (CPL 470.05, subd 2). Although no objection was taken, this court is not without power to reverse in the interest of justice (CPL 470.15; *People v Patterson,* 39 NY2d 288, affd 432 US 197; *People v Robinson,* 36 NY2d 224; *People v Branch,* 54 AD2d 90). No exception is necessary to preserve for appellate review a deprivation of a fundamental constitutional right *(People v McLucas,* 15 NY2d 167, 172). Where, as in the instant case, a decision of the United States Supreme Court calls into question the constitutionality of a jury instruction, defendant's failure to object to such instruction at the time of trial does not deprive him of his right to do so on appeal *(People v Patterson, supra).*

■ Secondly, we must consider whether *Sandstrom* should be applied retroactively. The jury was charged by the court in the instant case on October 27, 1978, some seven and one-half months before *Sandstrom.* At that time, the court's instruction that possession of a weapon is presumptive evidence of intent to use the weapon unlawfully against another was in accordance with the Penal Law (§ 265.15, subd 4) which had not been constitutionally challenged. The court's further charge on intent to the effect that "a person is presumed to intend the logical and natural consequences of his acts" was an instruction the propriety of which has long been established in this State (see *People v Lieberman,* 3 NY2d 649, 652) and likewise had never been constitutionally challenged. As to whether defendant may assert a *Sandstrom* claim even though his conviction predates that decision, we hold that he may. *Sandstrom* was based in part on the Supreme Court's earlier holding in *Matter of Winship* (397 US 358), a decision subsequently given retroactive effect *(Ivan V. v City of New York,* 407 US 203). Accordingly, *Sandstrom,* like its progenitor *Winship,* should be given retroactive effect to pending cases (see *People v Patterson, supra,* at p 296).

Other than one case wherein the Second Department in a brief memorandum found from the facts and charge therein that the error in a similar charge was harmless *(People v Reyes,* 71 AD2d 1034), our courts have not yet addressed this issue. Since the Montana appellate court had not considered whether the error was harmless, the Supreme Court declined to consider that issue without precluding its consideration on remand. It did, however, make note "that in any event an unconstitutional jury instruction on an element of the crime can never constitute harmless error, see generally *Brotherhood of Carpenters v. United States,* 330 US, at 408-409; *Bollenbach v. United States,* 326 US, at 614, 615" *(Sandstrom v Montana, supra,* pp 526, 527).

■ We turn therefore to the merits of defendant's claim that the trial court's instruction violated his constitutional right to due process of law. Defendant maintains that based upon the rationale of *Sandstrom,* the instructions herein may have been interpreted by the jury as establishing a conclusive presumption or as shifting the burden of persuasion to the defendant in violation of his due process rights. While any such diminution of the prosecution's burden of proof is necessarily prejudicial and would require reversal, this cannot be found from the totality of the charge in this case.

In its charge, the court instructed the jury, "I charge you that possession by any person of a weapon designed or made primarily for use as a weapon, is presumptive evidence of intent to use the weapon unlawfully against another. This means, that after consideration of all of the evidence in the case, you may presume, if you so find from the defendant's possession of a loaded firearm, that he intended to use it unlawfully against another or you may reject such presumption. However, the fact that you may infer such unlawful intent does not shift to the defendant any burden of proof whatsoever. The burden of proof remains upon the prosecution throughout the case to prove each and every element of the offenses charged, contained within that charge."

In the other portion of the charge which defendant asserts to be violative of due process, the court stated, "It is the fundamental rule of evidence that a person is presumed to intend the logical and natural consequences of his acts. Intent is a mental operation. It cannot be seen and it cannot be heard. But you as jurors are permitted to determine a person's intent from his speech, his conduct and from the circum-

stances surrounding his acts. If you find that the defendant committed certain acts which require intent, you must decide from the evidence presented to you whether he intended to commit those acts. Criminal intent is an intent, a decision to do knowingly and willfully something which is prohibited by law. A criminal intent may be something which is prohibited by law. A criminal intent may be inferred from all of the circumstances in the case. It need not be established by direct proof."

The careful instructions given by the trial court in the instant case do not have the same potential for impermissible burden shifting as the one condemned by the Supreme Court. In *Sandstrom* the Supreme Court noted that the "jurors were told that 'the law presumes that a person intends the ordinary consequences of his voluntary acts.' They were not told that they had a choice, or that they might infer that conclusion; they were told only that the law presumed it. It is clear that a reasonable juror could easily have viewed such an instruction as mandatory." *(Sandstrom v Montana, supra,* p 515). What the Supreme Court was condemning in *Sandstrom* were instructions that jurors could interpret as conclusive; such instructions are not technically presumptions at all, but rather act as irrebuttable direction by the court to find intent once convinced of the facts triggering the presumption, or alternatively, as direction to find intent unless the defendant proved the contrary by some quantum of proof. The court did not condemn instructions which merely describe a permissive inference—that is, one that allows but does not require the jury to draw conclusions about defendant's intent from his actions. As noted by Justice REHNQUIST in his concurring opinion, if this charge had " 'merely described a permissive inference,' " it " 'could not conceivably have run afoul of the constitutional decisions cited by the Court in its opinion.' " *(Sandstrom v Montana, supra,* p 527).

Unlike the trial court's instructions in *Sandstrom,* the instructions in the instant case, read in their totality, do not have the same potential for being interpreted by the jury as conclusive presumptions nor do they have the same potential for impermissible burden shifting as was condemned by the Supreme Court. This trial court made it quite clear in its instructions that any inference of an unlawful intent "does not shift to the defendant any burden of proof whatsoever" and that "the burden of proof remains upon the prosecution

throughout the case to prove each and every element of the offenses charged". The instructions also made it clear that the jurors were "permitted" but not required to "infer" criminal intent from all the circumstances of the case.

Upon our review of the trial court's instructions in their entirety, it is readily apparent that they do not violate the Fourteenth Amendment's requirement that the State prove every element of a criminal offense beyond a reasonable doubt. Inasmuch as the trial court's instruction on intent is a traditional one frequently used in cases where intent is an element of the crime charged, we issue a caveat to Trial Judges to carefully and thoughtfully prepare jury instructions so as not to violate the *Sandstrom* doctrine.

We have reviewed the other issues raised by the defendant and find them to be without merit. Accordingly, the judgment should be affirmed.

DILLON, P. J., CARDAMONE, SIMONS and MOULE, JJ., concur.

Judgment unanimously affirmed.