■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS J. PASSERO, Appellant.—Judgment unanimously modified, on the law, by reversing the conviction for possession of gambling records in the first degree and a new trial granted with respect thereto and otherwise judgment affirmed. Memorandum: Defendant has been convicted of possession of gambling records in the first degree and promoting gambling in the second degree. We reverse the judgment insofar as it relates to possession of gambling records because of an erroneous jury instruction. In submitting the issue to the jury insofar as knowledge relates to the charge of possession of gambling records the court charged, "Now, there is a presumption set out in the law that goes along with these sections and it says that proof of possession of any gambling device or of any gambling records is presumptive evidence of possession thereof with knowledge of its character or contents" (Penal Law, § 225.35, subd 1). The charge later continued: "on this element, to rebut this presumption of knowledge the defendant has the burden of going forward with evidence to rebut that presumption of knowledge and he must do that by a fair preponderance of the credible evidence". While the statutory presumption itself is not constitutionally infirm *(People v Lemmons,* 40 NY2d 505, 510-511; *People v Paranzino,* 40 NY2d 1005), as used here it impermissibly shifted to the defendant the burden of persuasion and thus violated the requirement of due process *(Sandstrom v Montana,* 442 US 510; *People v Egan,* 72 AD2d 239; *People v Gray,* 71 AD2d 295 The general instructions in the charge relating to the burden of proof cast upon the People to prove each element of the crime charged beyond a reasonable doubt are not sufficient to overcome the error which clearly placed upon defendant the burden of coming forward with proof rebutting the presumption of knowledge. The remaining points raised on appeal by defendant are without merit. (Appeal from judgment of Monroe Supreme Court—possession of gambling records, first degree, etc.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ In the Matter of B. EUGENE BAES et al., Respondents, v COUNTY OF NIAGARA et al., Appellants.—Judgment unanimously affirmed, with costs, for the reasons stated at Trial Term, Stiller J. (See *Matter of Wipfler v Klebes,* 284 NY 248; *Switzer v Sanitary Dist. No. 7, Town of Hempstead,* 59 AD2d 889; *Matter of Smith v MacMurray,* 52 AD2d 637.) (Appeal from judgment of Niagara Supreme Court—art 78.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.