■ DONALD BARRONCINI et al., Appellants, v NIAGARA MOHAWK POWER CORPORATION, Respondent. (Appeal No. 2.)—Judgment unanimously affirmed, without costs. Same memorandum as in *Matter of Barroncini v Shang* (77 AD2d 803). (Appeal from judgment of Oneida Supreme Court—injunction.) Present—Dillon, P. J., Cardamone, Doerr, Witmer and Moule, JJ.

■ In the Matter of COLETTE GUARNO, Individually, and on Behalf of Her Infant Children, MICHAEL GUARNO, and Others, Respondent, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, Appellant, and ANTOINETTE HYER, as Commissioner of the Oneida County Department of Social Services, Respondent. (Appeal No. 1.)— Judgment unanimously affirmed, without costs. Same memorandum as in *Matter of Barroncini v Shang* (77 AD2d 803). (Appeal from judgment of Oneida Supreme Court—art 78.) Present—Dillon, P. J., Cardamone, Doerr, Witmer and Moule, JJ.

■ COLETTE GUARNO, Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent. (Appeal No. 2.)—Judgment unanimously affirmed, without costs. Same memorandum as in *Matter of Barroncini v Shang* (77 AD2d 803.) (Appeal from judgment of Oneida Supreme Court—injunction.) Present —Dillon, P. J., Cardamone, Doerr, Witmer and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY HARRIS, Appellant.—Judgment unanimously reversed, as a matter of discretion, in the interest of justice, and a new trial granted. Memorandum: Defendant was convicted following a jury trial of criminal possession of a forged instrument in the second degree. In submitting the knowledge element of the crime to the jury, the court charged that "generally possession alone suffices to permit the inference that the possessor knows what he possesses, especially but not exclusively, if it is in his hand or on his person. In other words, the law says that possession of a forged instrument if you find it was forged is enough to permit the inference that the defendant here knew it was forged if it was on his person. This presumption or inference places the burden on the defendant to go forward with the evidence to rebut or negate this inference." Furthermore, in submitting the issue of intent to the jury, the court charged it that "A person is presumed to intend the natural and probable consequences of his act so accordingly if the consequences are natural and probable he will not be heard to say that he didn't intend them." These instructions were erroneous and denied the defendant his constitutional right to due process by impermissibly shifting to the defendant the burden of proof on a crucial element of the crime charged *(Sandstrom v Montana,* 442 US 510; *People v Getch,* 50 NY2d 456; *People v Egan,* 72 AD2d 239; *People v Passero,* 74 AD2d 726; cf. *People v Gray,* 71 AD2d 295). Although no timely objection was made to the court's charge, we reverse as a matter of discretion in the interest of justice because the erroneous instructions involved a critical element of the crime (CPL 470.15, subd 6, par [a]; *People v Gray, supra,* p 297; cf. *People v Thomas,* 50 NY2d 467). We have reviewed the other issues raised by defendant and find them to be without merit. (Appeal from judgment of Monroe Supreme Court— criminal possession of forged instrument, second degree.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.