■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS TREMBLAY, Appellant.—Judgment unanimously affirmed. Memorandum: The voluntariness of a consent to search is not vitiated, per se, by the failure to give *Miranda* warnings to an accused while subject to custodial interrogation. There is no requirement that specific Fourth Amendment warnings be given to a suspect in custody *(United States v Watson,* 423 US 411, 424-425). *Miranda* warnings involve only Fifth and Sixth Amendment rights and are

not designed to warn an accused of his Fourth Amendment rights. In reviewing the validity of an apparent consent to search, courts need only determine whether consent was voluntarily given under the circumstances *(Schneckloth v Bustamonte,* 412 US 218; *People v Gonzalez,* 39 NY2d 122). Our decision herein is consistent with *People v Johnson* (48 NY2d 5, 65). There, the court focused on protecting the accused's Sixth Amendment right to counsel and invalidated defendant's consent to search obtained in the absence of counsel after the defendant had requested the assistance of counsel. Because defendant made no objection to the alleged *Sandstrom* error in the court's charge, in the exercise of our discretion we do not review it (see *People v Thomas,* 50 NY2d 467). We have reviewed defendant's other claims of error and deem them to be meritless. (Appeal from judgment of Erie Supreme Court—murder, second degree.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.