■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO BOSQUE, Appellant — Judgment affirmed. Memorandum: Defendants were found guilty by a jury of the crimes of murder in the second degree and criminal possession of a weapon in the second degree. The testimony established that both defendants commenced an assault upon the victim on Virginia Street in the City of Buffalo; that as the victim fled, defendant Colon drew a gun and shot at him; that both defendants pursued the victim until they caught him on Whitney Place; that both defendants, joined by an unidentified third party, pummeled and kicked the victim, driving him to the ground; that the three assailants then walked down Whitney Place toward Virginia Street, but the two defendants retraced their steps, Colon in the lead; that as Colon came upon the victim, the victim rose to his feet and Colon shot him; that defendant Bosque walked up to the victim, looked at him, and then both defendants fled the scene. Defendants assert that the identification of defendants by the witness Senquis, who observed that part of the assault which took place on Virginia Street, and that by the witness Fuentes, who observed the remainder of the incident on Whitney Place should have been suppressed. We cannot agree. The witness Senquis had known both defendants for some five years prior to the date of the crime and his in-court identification was completely independent of any prior viewing of defendants' photographs (see *People v Bryant,* 39 AD2d 80, affd 31 NY2d 744). The witness Fuentes identified both defendants from a group of photographs in a procedure which was entirely free from suggestion. Defendants now, for the first time, assert that the trial court erred in its instruction of "presumed intent" (see *Sandstrom v Montana,* 442 US 510). Since the defendants failed to object to the charge at trial, the error, if any there was, is not reviewable *(People v Thomas,* 50 NY2d 467; *People v Tremblay,* 77 AD2d 807). Additionally, defendant Bosque contends that the evidence was insufficient to prove that he shared defendant Colon's intent to murder the victim. While we agree that Bosque cannot be guilty of murder in the second degree unless he had the intent to cause the death of the victim, we do not agree that the evidence was insufficient to prove that intent. The shooting on Whitney Place was the culmination of a continuum of events in which Bosque participated and continued to participate after it was clear that Colon was acting with homicidal intent. In such cirumstances, it was reasonable for the jury to conclude that it was equally the purpose of both defendants to kill the victim (compare *People v Monaco,* 14 NY2d 43 with *People v May,* 9 AD2d 508). Finally, a person is criminally liable for the conduct of another when he "intentionally aids such person to engage in such conduct" (Penal Law, § 20.00). While defendant Bosque did not personally have control of the gun, it could reasonably be found that he aided Colon in the latter's use of the gun unlawfully against the victim (Penal Law, §§ 265.03, 10.00, subd 8). All concur, except Schnepp and Doerr, JJ., who dissent and vote to reverse the indictment in the following memorandum.

Schnepp and Doerr, JJ. (dissenting). We agree that from the evidence presented the jury could readily find that defendant Colon had the requisite intent to commit murder. Such intent, however, on the part of defendant Bosque is not at all compelling even viewing the evidence in a light most favorable to the

People *(People v Monaco,* 14 NY2d 43). The principal participants in the initial assault on Virginia Street which preceded the killing were Colon and the victim, with Bosque joining in. This assault was concluded without the use of any weapon by defendants. It was when the victim struck defendant Colon with an umbrella and fled that a weapon was exhibited for the first time. Colon pulled out a gun and fired at the victim. Both defendants pursued the victim to Whitney Place where another assault upon the victim ensued, perpetrated by defendants and an unidentified third party. Again this assault was accomplished without the use of a weapon or the exhibition of a weapon. After this second assault was concluded and defendants departed the scene, it was Colon, alone, who returned to where the victim lay, pulled out a gun and discharged the fatal shot. Even accepting the majority view that there was but one assault, the latter being but a continuum of the initial incident, does not change the result. While it can be readily concluded that Bosque was a willing participant in the assault, this act had clearly ceased. A shared purpose to commit some other act cannot, under the facts of this case, be elevated to the level of a shared intent to murder (see *People v Monaco,* 14 NY2d 43, *supra; People v May,* 9 AD2d 508). In order to be held liable for the crime committed by the principal actor, an accessory must share the intent of the principal actor (Penal Law, § 20.00; *People v La Belle,* 18 NY2d 405) and the People are required to establish this element of the crime beyond a reasonable doubt. In our view of the evidence, the altercation among the parties was abandoned by defendants when they withdrew from the victim and walked down Whitney Place away from him. The spontaneous act of Colon in returning alone to the place where the victim lay and shooting him fails to establish participation by defendant Bosque in a design to kill. "The evidence must not only be consistent with defendant's guilt, it 'must be inconsistent with his innocence' *(People v. Fitzgerald,* 156 N. Y. 253, 258). This it failed to be." *(People v Agron,* 10 NY2d 130, 140.) There is no evidence in this record from which a jury could conclude that defendant Bosque criminally possessed the weapon jointly with defendant Colon. The judgment of conviction as to defendant Bosque should be reversed and the indictment dismissed. (Appeal from judgment of Erie Supreme Court — murder, second degree, and another charge.) Present — Dillon, P. J., Schnepp, Callahan, Doerr and Witmer, JJ.