THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MOTTIS CRAIG, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HENRY ROBINSON, Respondent.

Second Department, July 6, 1981

APPEARANCES OF COUNSEL

*John J. Santucci, District Attorney (Barry A. Schwartz* of counsel), for appellant.

*Abraham Werfel* for Mottis Craig, respondent.

*Sidney Liss* for Henry Robinson, respondent.

OPINION OF THE COURT

GIBBONS, J.

The question presented for resolution on these appeals is

whether the Court of Appeals in *People v Davis* and *People v James* (43 NY2d 17, cert den 435 US 998, 438 US 914), in holding section 60.06 of the Penal Law, which provided for the death penalty for conviction of the crime of murder in the first degree under section 125.27 of the Penal Law to be unconstitutional, concomitantly held the latter to be likewise unconstitutional.

Under the indictments herein the defendants were charged with the crimes of murder in the first degree, murder in the second degree (felony murder), robbery in the first degree (three counts), attempted robbery in the first degree (three counts) and criminal possession of a weapon in the second degree, arising out of an armed robbery committed in a social club in Queens County on July 14, 1980, during which Police Officer Abraham Walton was shot to death while in the course of performing his official duties.

Upon a challenge against the first counts of the respective indictments charging the defendants with the crime of murder in the first degree, under section 125.27 of the Penal Law, on constitutional grounds, Criminal Term, relying on the opinion of the Court of Appeals in *People v James* and *People v Davis (supra)*, held: "The court has carefully examined the decision of the Court of Appeals in *People v James, supra*, and finds that in declaring the death penalty [Penal Law, § 60.06] in New York unconstitutional, the reasons for its conclusion indicate the insufficiency of section 125.27 of the Penal Law to conform to the United States Supreme Court decisions in *Woodson v North Carolina*, 428 U.S. 280 and *Roberts (Stanislaus) v Louisiana*, 428 U.S. 325." I agree.

Section 125.27 of the Penal Law was enacted by the Legislature specifically to provide a penal statute which would elevate the intentional slaying of, *inter alia*, certain law enforcement officers, committed while in the performance of their official duties, to the substantive level of the crime of murder in the first degree, warranting the death penalty. Interrelated, and as an operative adjunct to this offense, the Legislature also enacted section 60.06 of the Penal Law for the exclusive purpose of providing the death

penalty for conviction of murder in the first degree. Both statutes are clearly interdependent and represent a legislative scheme to deal with the specific crime involving, among others, the slaying of law enforcement officers therein designated. They are statutes in *pari materia*, and both must be read together for the reason that the legislative purpose can be effectuated only if both are applied and enforced concomitantly.

In dealing with the question concerning the scope of the holding that the death penalty statute in New York was unconstitutional, it may be noted that the Court of Appeals, in making its determination in *People v Davis* and *People v James (supra*, p 29) read sections 60.06 and 125.27 of the Penal Law *together* and characterized them as "a death penalty statute".

It stated as follows (p 29): "Section 60.06 of the Penal Law, pursuant to which these sentences were imposed provides that '[w]hen a person is convicted of murder in the first degree as defined in section 125.27, the court shall sentence the defendant to death.' Thus, *when read with section 125.27*, New York has enacted *a death penalty statute* which positively provides for a mandatory death sentence for all persons over 18 years of age found to have intentionally caused the death (1) of a police officer in the line of duty". (Emphasis added.)

The court clearly meant to consider the constitutionality of both as a single, related, legislatively created unit, and held, as follows (p 30): "We approach our consideration of this issue with full recognition that the State statutes under scrutiny carry *with them* a strong presumption of constitutionality, that they will be stricken as unconstitutional only as a last resort and that courts may not substitute their judgment for that of the Legislature as to the wisdom and expediency of the legislation." (Emphasis added.)

Inasmuch as section 125.27 of the Penal Law, as it may provide a substantive basis for murder in the first degree, is so inextricably bound to the death penalty, under section 60.06 of the Penal Law, as its exclusive form of punishment, the former, in its present posture, is burdened with the

same constitutional infirmity as renders the latter invalid. Should, however, the Legislature opt to enact a new section 60.06, embracing standards requiring consideration of relevant mitigating circumstances relating to the particular offender and the particular offense, as mandated by the Supreme Court in *Roberts v Louisiana* (428 US 325, *supra*), *Woodson v North Carolina* (428 US 280, *supra*), and *Roberts v Louisiana* (431 US 633), the viability of section 125.27, as a substantive basis for the crime of murder in the first degree for which the death penalty may be imposed, will be revived. This, however, is not the present state of affairs.

In this connection, it should also be noted that to the extent section 125.27 of the Penal Law may provide a substantive basis for a charge of attempted murder in the first degree, its vitality continues to exist for the reason that there is no similar interdependence between section 60.06 of the Penal Law and the crime of attempted murder in the first degree, and a conviction for that offense does not require the imposition of the death penalty.

If the determination expressed in *People v Davis* and *People v James (supra)* is given the limited interpretation that section 60.06 alone is an unconstitutional form of punishment for conviction of murder in the first degree under section 125.27 without a comparable effect on the latter, it would necessarily follow that section 125.27 would remain as a substantive crime without the form of punishment clearly intended by the Legislature to be imposed in such cases. Under the legislative pattern, the death penalty, under section 60.06 of the Penal Law, was so made a part of the crime of murder in the first degree under section 125.27 that the one may not exist without the other, and to conclude that the Court of Appeals held otherwise, would be to read an unintentional and illogical result into the statutory format.

After following the mandate of the Supreme Court and having struck down the New York death penalty statute as unconstitutional, the Court of Appeals held that, as to the defendant James, the sentence of death was *invalid as a matter of law*, which required a modification of his judg-

ment as to sentence under CPL 470.15 (subd 4, par [c]), and that as to defendant Davis, his conviction of murder in the first degree had not been established beyond a reasonable doubt.

Thus, it must be concluded at this point that, as to defendant James, the death penalty was constitutionally proscribed, and, as to defendant Davis, it could not be considered at all because the crime of murder in the first degree had not been made out.

The court then proceeded to hold that in the case of both defendants the crime of murder in the second degree had been established beyond a reasonable doubt and that both defendants should be resentenced for such crime.

Significantly, it should be noted that in the case of defendant James where, because of constitutional restriction, a death penalty could not be imposed although the court had found (People v James, supra, p 29) "that there has been proof beyond a reasonable doubt of his guilt of murder in the first degree", it turned to the lesser crime of murder in the second degree, which it found to also have been established, and concluded with a direction for modification of the judgment by vacating the sentence of death and remanding for resentence for murder in the second degree.

In conformity with such rationale, Criminal Term, in dismissing the first count in each indictment herein, charging murder in the first degree, correctly granted "leave to the People to resubmit to another Grand Jury for possible consideration of murder in the second degree (intent)."

Accordingly, the orders should be affirmed.

DAMIANI, J. P., LAZER and MANGANO, JJ., concur.

Orders of the Supreme Court, Queens County, dated February 4, 1981, affirmed insofar as appealed from.