■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANN M. RUDNEY, Appellant. — Judgment unanimously reversed, as a matter of discretion in the interest of justice, and a new trial granted. Memorandum: Defendant, a recipient of public assistance under the Aid For Dependent Children Program, was convicted after a jury trial of welfare fraud (Social Services Law, § 145, subd 1), for failure to disclose a pay increase and the receipt of unemployment benefits during a temporary lay-off period. This section provides, *inter alia,* that any person who, by deliberate concealment of any material fact, obtains public assistance shall be guilty of a crime and that failure on the part of a person receiving public assistance to notify the social services official "of the receipt of money or property or income from employment or any other source whatsoever, shall, upon the cashing of a public assistance check * * * constitute presumptive evidence of deliberate concealment of a material fact". The court read the statute verbatim three times to the jury but its presumption was never explained. Although the court's charge included the standard instructions that the defendant is presumed innocent until proven guilty and that the prosecution must prove her guilty beyond a reasonable doubt, which burden of proof never shifts, the court also charged that the statutory presumption "is in full force and effect and you are bound by it in terms of its acceptance and application". Defendant, who neither testified nor presented proof, made no objection to what she now claims constitutes reversible error because the court did not explain that the presumption was permissive only *(Sandstrom v Montana,* 442 US 510). She, however, did move to dismiss the indictment, arguing that the statutory presumption was unconstitutional, and excepted to the charge on this same "constitutional" ground. Even though this objection did not constitute a timely objection to the court's charge and cannot be viewed as broad enough to have preserved for review the court's failure to instruct the jury as to the permissive nature of the statutory presumption (see CPL 470.05, subd 2), we reverse as a matter of discretion in the interest of justice because the erroneous instruction deprived the defendant of a fair trial (CPL 470.15, subd 6, par [a]; *People v Harris,* 77 AD2d 804; *People v Egan,* 72 AD2d 239; *People v Gray,* 71 AD2d 295, 297; cf. *People v Thomas,* 50 NY2d 467). The statutory presumption is a permissive rebuttable presumption which the jury may, but is not mandated to rely upon and, as such, it is constitutionally sound *(People v Lemmons,* 40 NY2d 505; see *People v Leyva,* 38 NY2d 160, 170-171; *People v Hunter,* 34 NY2d 432, 437; *People v Passero,* 74 AD2d 726). However, the jury was not told that the presumption was permissive, that they had a choice as to whether or not to apply it and, if the presumption were given effect, that it could be rebutted. The instructions were erroneous and could be viewed by a reasonable juror as creating a conclusive presumption (see *Sandstrom v Montana,* 442 US 510, 517, 519, 522-524, *supra).* Thus if the People established defendant's receipt of unemployment benefits, her failure to report the same, and her subsequent cashing of public assistance checks, a reasonable juror might then conclusively presume that the defendant undertook a "deliberate concealment of a material fact" which in turn is a crime under the statute. We have examined the other issues raised by the defendant and find them to be without merit. (Appeal from judgment of Livingston County Court, Houston, J. — welfare fraud.) Present — Dillon, P. J., Cardamone, Hancock, Jr., Denman and Schnepp, JJ.