■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS J. PASSERO, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant stands convicted, after a jury trial, of two counts of promoting gambling in the first degree (Penal Law, § 225.10, subd 2, pars [a], [b]) and possession of gambling records in the first degree (Penal Law, § 225.20, subd 2). In challenging the sufficiency of the evidence he asserts that he neither received nor possessed the gambling records and money seized by the police from the person and apartment of codefendant Hazel Couchman, who was arrested with defendant on July 13, 1978. The argument is without merit. " 'Possess' means to have physical possession or otherwise to exercise dominion or control over tangible property" (Penal Law, § 10.00, subd 8). It follows from the definition that defendant's possession may be constructive (People v Hadley, 67 AD2d 259, 262). From the testimony of three accomplices, corroborated by the physical evidence and the testimony of three police officers, one of whom qualified as an expert on illegal gambling, the jury had abundant basis to conclude that defendant headed an organized numbers operation and that Couchman worked in concert with him, under his direction and on his behalf in receiving and actually possessing the seized evidence. Thus viewed, the statutory definition was satisfied. Nor is there any merit to defendant's claim that the proof was insufficient to establish that on July 13, 1978 he received more than $500 of money played in unlawful gambling activity (Penal Law, § 225.10, subd 2, par [b]). There was expert testimony, based upon seized records, that defendant should have received $721. He had in his constructive possession at the time of the seizure $481 in cash and there was evidence that two of the policy writers were short $270 on bets actually turned over to defendant by them on that day. Such shortages are not unusual in a policy scheme and in our view the statutory threshold was met. It is further argued that the court erred in charging the jury that proof of possession of any gambling record "is presumptive evidence of possession thereof with knowledge of its *** contents" (Penal Law, § 225.35, subd 1) in the absence of a further charge that the presumption is permissive and not mandatory (see People v Rudney, 83 AD2d 746). Although we would find that the charge as a whole was balanced, and did not detract from the People's burden of proof (compare People v Passero, 74 AD2d 726), the defendant did not object to the charge and we decline to review it as a matter of discretion (see People v Thomas, 50 NY2d 467; People v Tremblay, 77 AD2d 807, 808). Nor is there any basis for reversal in defendant's claim of error based upon the receipt into evidence of an automobile repair bill made out in the names of defendant and Couchman, and listing their address as 2336 Culver Road, which concededly was the residence of Couchman, if only arguably that of defendant. Even if the document is hearsay, as argued by defendant, the error was harmless when viewed in the context of the overwhelming proof of defendant's guilt. We also find that defendant was afforded a speedy trial within the context of the readiness rule (CPL 30.30) and there is no need to remit the case for a hearing on that issue. Although service upon defendant of a written notice of readiness affixed to the indictment is inadequate to satisfy the rule, as set forth in People v Hamilton (46 NY2d 932), that the record reflect a communication of readiness (see, also, People v Brothers, 50 NY2d 413, 416), it is the established practice in Monroe County that once a case is placed upon the Trial Calendar the People must be ready to proceed as directed by the court. We have acknowledged that movement of the case to the Trial Calendar constitutes a record demonstration of readiness (People v Everett, County Ct, Monroe County, Jan. 16, 1980, Bergen, J., affd 75 AD2d 1026, application for lv to app den 50 NY2d 1001). This case was moved to the Trial Calendar on October 27, 1978 and even computing the delay most favorably to defendant, there was

compliance with CPL 30.30. We have reviewed the other issues raised on appeal and find them without merit. (Appeal from judgment of Monroe Supreme Court, White, J. — promoting gambling, first degree, etc.) Present — Dillon, P. J., Callahan, Doerr, Moule and Schnepp, JJ.