■ The People of the State of New York, Respondent, v Thomas A. Cenzi, Appellant. — Judgment reversed, on the law and facts, motion to suppress granted and a new trial granted. All concur, Cardamone, J.P., not participating. Memorandum: Following a jury trial in Monroe County which found him guilty of murder in the second degree, the defendant appeals on numerous grounds. There must be a new trial. There was admitted into evidence a statement defendant Cenzi made to a police lieutenant. The People admit that the statement was elicited at a time when the police were aware that Cenzi "had retained counsel and that counsel had instructed the police not to talk" to him. The People further concede that the admission of any statements so acquired was error under *People v Skinner* (52 NY2d 24). The People's sole argument is that the trial court did, in effect, suppress the statement. We cannot so conclude. The statement in question was made during an interview at Cenzi's home on April 24, 1978. Two police officers showed Cenzi several photographs, and they "asked him if he knew some of the individuals. They were interested in finding out if he knew one Robert Violante. Defendant said he knew him 'vaguely, not well,' and Gino Cobos, and he said, no, he did not * * * I pulled Cobos' picture out and directed his attention to that, and he said he did not know him." One of the accomplice witnesses had previously testified that he, Cenzi, Cobos, and Violante had been close friends for many years. The Assistant District Attorney emphasized defendant's patent untruth during his summation, and the trial court stated in its charge that "false explanations come within a general broad category of conduct evincing a consciousness of guilt." The jury later requested a reading of the police officer's testimony and asked for a clarification of the law on accomplice and corroborating evidence. The People's argument is predicated on the fact that the trial court submitted the question of whether defendant had counsel to the jury. It was influenced to do this because defendant's questioning took place while he was at home and not in custody. This matter was not a question of fact for a jury — since the People conceded that defendant had an attorney at the time and that the police knew it. The statement obtained, regardless of its noncustodial setting, should have been suppressed *(People v Skinner, supra,* at p 32). With respect to the other issues raised we merely comment that in our view the trial court properly submitted to the jury as a question of fact whether witness Destino was an accomplice of the defendant. More troublesome is whether the charge of

a presumption that a "person intends the ordinary and natural consequences of his acts" and that this "presumption" can "be overcome by other evidence" runs afoul of the rule against shifting the burden of proof laid down in *Sandstrom v Montana* (442 US 510; cf. *People v Harris,* 77 AD2d 804; *People v Egan,* 72 AD2d 239). We need not reach or decide that issue in view of our determination that there must be a new trial for the reasons previously stated. The other issues raised are without merit. (Appeal from judgment of Monroe County Court, Bergin, J. — murder, second degree.) Present — Cardamone, J. P., Simons, Hancock, Jr., Doerr and Schnepp, JJ.