■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. MITCH-ELL, Appellant. — Judgment affirmed. Memorandum: Defendant appeals from his conviction for murder, second degree. The autopsy of the victim's body revealed 11 stab wounds on the face, chest, and back, four of which penetrated the aortic arch, liver, and heart. While the charge to the jury that "a person is presumed to intend the natural and probable consequences of his act, and, accordingly, if the consequences are natural and probable, he will not be heard to say that he did not intend them" was error (see *Sandstrom v Montana*, 442 US 510; *People v Harris*, 77 AD2d 804; *People v Egan*, 72 AD2d 239), we find the error to have been harmless (see *People v Crimmins*, 36 NY2d 230; *People v Cadorette*, 83 AD2d 908; cf. *People v Green*, 77 AD2d 665). The evidence of defendant's guilt was overwhelming, and the question of intent was not a "vital issue at trial" (*People v Getch*, 50 NY2d 456, 465; see *People v Thomas*, 50 NY2d 467, 475-480, Fuchsberg, J., concurring; cf. *People v Harris, supra; People v Egan, supra*, p 243). There was no error in the court's finding admissible the testimony of two secretaries and a paralegal concerning statements made by defendant to them in the common waiting room shared by defendant's attorney with another lawyer. Defendant made the statements while his attorney was away from his office and before defendant had had an opportunity to consult with him on this matter. Under the circumstances, defendant could not reasonably have expected that the communication would be confidential nor could the communication have been for the purposes of securing legal advice or assistance (see CPLR 4503; *Matter of Priest v Hennessy*, 51 NY2d 62, 68-69; *People v Belge*, 59 AD2d 307; *People v Doe*, 99 Misc 2d 411). We have considered defendant's other arguments and find them to be without merit. All concur, except Callahan, J., who dissents and votes to reverse and grant a new trial in the following memorandum.

Callahan, J. (dissenting). I view existing precedent to mandate reversal and a new trial. This court has twice reversed convictions, in the interest of justice, based on nearly identical language in the court's instructions on intent (*People v Harris*, 77 AD2d 804; *People v Egan*, 72 AD2d 239), even in the absence of a proper exception. Here, defendant made timely exception to the court's instruction; nevertheless, the majority find the error to be harmless. Although it is true that the main issue at trial was the identity of the perpetrator of the crime, nonetheless the People were required to prove intent as an element of murder in the second degree beyond a reasonable doubt. The Fourteenth Amendment's guarantees prohibit shifting to the defendant the burden of disproving an element of the crime charged. The court's instruction on this vital element of the crime impermissibly shifted the burden of proof from the People (*Sandstrom v Montana*, 442 US 510). Since there was no other qualifying language (see *People v Gray*, 71 AD2d 295) and inasmuch as the court refused to correct such error upon defendant's timely objection, the charging of the presumption without qualification must now be viewed as a violation of the Constitution (*Sandstrom v Montana, supra*), as well as State law (*People v Thomas*, 50 NY2d 467, 473). Furthermore, I disagree with the majority that there was no error in the trial court's ruling with respect to the admission of certain statements made by defendant to personnel in the waiting room of his attorney's office. The record reveals that defendant telephoned the office of an attorney who was representing him on another pending charge and went to the office at their request. The trial court erroneously concluded that the attorney-client relationship did not exist until defendant's attorney arrived at his office. Contrary to the majority's view, it appears to be clear that defendant had gone to the attorney's office for the purpose of securing legal advice or assistance. Since the attorney-client privilege applies to "a confidential communication

made between the attorney *or his employee* and the client in the course of professional employment" (CPLR 4503, subd [a], emphasis added), I would remit for a further *in camera* hearing to determine (1) whether the two. secretaries and a paralegal were, in fact, "employees" of defendant's attorney (cf. *People v Doe,* 99 Misc 2d 411, 415-416) and (2) whether such statements were made in the "presence of strangers" (there being unsubstantiated claims that an unnamed third party was present) which would take the statements outside the privilege (*People v Belge,* 59 AD2d 307, 309). Although the burden of proving each element of the claimed privilege rests upon the defendant (*Matter of Priest v Hennessy,* 51 NY2d 62, 69; *People v O'Connor,* 85 AD2d 92), the trial court's erroneous ruling precluded defendant from offering proof to support his claim of privilege. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J. — murder, second degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.