# FOURTH DEPARTMENT, APRIL, 1982

## (April 2, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS CARR, Appellant. — Judgment, insofar as it imposes sentence, unanimously modified as a matter of discretion in the interest of justice and otherwise judgment affirmed, in accordance with the following memorandum: Defendant was convicted by a jury of attempted murder in the first degree (Penal Law, § 125.27, subd 1, par [a], cl [i]; subd 1, par [b]; § 110.00) as a result of an incident that occurred on November 1, 1979 when he shot a Rochester police officer in the back with a rifle. The crime occurred just after the officer intervened in a domestic dispute between defendant and his wife in the course of performing his official duties. Defendant was sentenced to serve an indeterminate term of imprisonment with a minimum of 25 years and a maximum of life. On appeal, defendant contends: (1) that the court's instruction to the jury that a person is presumed to intend the natural and probable consequences of his act unconstitutionally shifted the burden of proof onto him; (2) that the sentence imposed was harsh and excessive, and (3) that inasmuch as New York's death penalty statute (Penal Law, § 60.06) for murder in the first degree under section 125.27 of the Penal Law has been held to be unconstitutional (*People v Davis,* 43 NY2d 17, cert den 434 US 998; *People v James,* 43 NY2d 17, cert den 438 US 914), he cannot constitutionally be convicted of attempting to commit a substantive crime which does not constitutionally exist. Defendant, relying on *Sandstrom v Montana* (442 US 510), claims for the first time on appeal that the trial court's instruction on intent erroneously shifted the burden of proof to him. While this court may, as a matter of discretion, consider claims of error which were not properly preserved for review (CPL 470.15, subd 6, par [a]), the circumstances in this case do not warrant such relief (*People v Thomas,* 50 NY2d 467, 473). The record demonstrates that the court properly qualified the "presumption" so that the court's instructions in their entirety do not violate the Fourteenth Amendment's requirement that the State prove every element of a criminal offense beyond a reasonable doubt (*People v Gray,* 71 AD2d 295). Section 60.06 of the Penal Law, which provided for a mandatory death penalty for a conviction of murder in the first degree under section 125.27 of the Penal Law, has been held to be

unconstitutional (*People v Davis, supra*). Inasmuch as section 125.27 of the Penal Law is so inextricably bound to the death penalty under section 60.06 of the Penal Law, it is burdened with the same constitutional infirmity as renders the latter invalid (*People v Craig,* 81 AD2d 413). Defendant contends that on the basis of the holdings in *Davis* and *Craig,* he cannot constitutionally be convicted of an attempt to commit murder in the first degree, a crime which does not constitutionally exist. We disagree. As noted by the court in *Craig* (*supra,* at p 416): "[T]o the extent section 125.27 of the Penal Law may provide a substantive basis for a charge of attempted murder in the first degree, its vitality continues to exist for the reason that there is no similar interdependence between section 60.06 of the Penal Law and the crime of attempted murder in the first degree, and a conviction for that offense does not require the imposition of the death penalty." The crime of attempted murder in the first degree has its own sentencing provision (Penal Law, § 110.05, subd 1) which does not require the imposition of the death penalty. Inasmuch as there is no interdependence between section 60.06 of the Penal Law and the crime of attempted murder in the first degree, section 125.27 of the Penal Law remains viable as a substantive basis for a charge of attempted murder in the first degree (*People v Craig, supra*). Furthermore, there is no merit to defendant's contention that the unconstitutionality of the death penalty statute renders the penalty provision for attempted murder in the first degree (Penal Law, § 110.05, subd 1) invalid on due process grounds. Although there is no longer any gradation of punishment between the attempted and completed crime of murder in the first degree, the statute is valid and constitutional under the Eighth and Fourteenth Amendments of the United States Constitution (cf. *People v Wilson,* 80 Misc 2d 353). The trial court imposed the maximum sentence which could have been imposed if defendant had actually murdered the police officer, although fortuitously no homicide resulted from defendant's bizarre actions. Considering all the relevant factors, including the defendant's age, lack of any prior record, employment history, and defendant's emotional state at the time of the incident, we deem the sentence imposed excessive and accordingly reduce it to a sentence of 15 years to life. (Appeal from judgment of Monroe County Court, Bergin, J. — attempted murder, first degree.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.