■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v APRIL ROSE DEMERS, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant was convicted on a plea of guilty to criminal possession of marihuana, first degree. Her main argument on appeal is that the search warrant, pursuant to which the drugs were seized, was not based on probable cause because the source of knowledge of the Ontario provincial police officer who transmitted to New York police the information that defendant would attempt to bring illegal drugs into Canada from the United States was never revealed. The affidavit in support of the warrant, sworn to by a New York State Police senior investigator, contained the information conveyed by the Ontario officer and, in addition, a recitation of numerous direct personal observations by the affiant and by other law enforcement officers of facts corroborative of many details of the Ontario officer's information and highly suggestive of drug trafficking activities. For example, it included the fact that on the night before the arrest, two of defendant's associates were seen by police to be in the process of obtaining a scale and plastic bags. It is also significant that defendant and her associates were known to Canadian police as drug traffickers. We agree with the hearing court's detailed analysis of the record on this issue and find that the Ontario officer's information was sufficiently confirmed by independent police observation of facts suggestive of criminal activity so as to constitute probable cause (see *People v Lypka*, 36 NY2d 210, 213, n 2; cf. *People v Elwell*, 50 NY2d 231, 237). We have examined the other points raised on appeal and find them to be without merit. (Appeal from judgment of Jefferson County Court, Aylward, J. — criminal possession of marihuana, first degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WILLIAM LILLEY, Appellant. — Judgment unanimously affirmed. Memorandum: On his appeal from convictions for attempted murder in the second degree of one victim and murder in the second degree of another, defendant argues, among other things, that there should be a reversal and a new trial because the court's charge offended the rule in *Sandstrom v Montana* (442 US 510) even though the error was not preserved for review (see *People v Thomas*, 50 NY2d 467, 472). We disagree. In the first place, we do not read *Connecticut v Johnson* (460 US __, 103 S Ct 969) as requiring us to reach the unpreserved issue as a matter of discretion pursuant to CPL 470.15 (subd 6). Even if we were to reach the issue, we would affirm because the charge is identical to that given in *People v Gray* (71 AD2d 295, 298-299) which we held was not contrary to *Sandstrom*. We have examined defendant's other contentions and find no basis for reversal. (Appeal from judgment of Supreme Court, Erie County, Doyle, J. — murder, second degree, and attempted murder, second degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.