(June 11, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECELIA TAYLOR, Appellant.—Main, J. P. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered December 14, 1984, convicting defendant following a nonjury trial of the crimes of robbery in the first degree and petit larceny.

On July 28, 1984, defendant and her boyfriend, Earl Fagan, entered the Great American supermarket in the City of Binghamton for the admitted purpose of stealing cigarettes. As Fagan and defendant were loading cartons of cigarettes into the green gym bags they carried, they were observed by a store clerk, Joseph Sobiech, who summoned the manager, Mark Jones. Jones and Sobiech approached Fagan and defendant and instructed them to put the cigarettes back on the shelf, whereupon Fagan told Jones that he "didn't know what he was talking about". When Jones grabbed Fagan's bag from behind and Sobiech took a hold of Fagan's arm, Fagan turned around and slashed at Jones with his knife, striking him on the right pants pocket. Keys in the pocket prevented any flesh wound but the pants were cut by the knife. Fagan continued to brandish the knife at Jones and Sobiech and threatened to kill them, thus holding them at bay while he and defendant retrieved the cartons which fell from the bag during the

skirmish. Fagan and defendant then hurriedly left the store and escaped in defendant's car with Fagan driving.

Both were apprehended a short time later and were subsequently indicted. Fagan was convicted upon his plea of guilty to the crime of robbery in the first degree and the conviction was affirmed without opinion by this court *(People v Fagan,* 130 AD2d 983). Defendant was indicted for the crimes of robbery in the first degree and grand larceny in the third degree. Defendant chose to waive a jury trial and, after trial before County Court, was found guilty of the crimes of robbery in the first degree and petit larceny. Defendant was thereafter sentenced to a term of imprisonment of 4½ to 9 years for the robbery conviction and one year for the petit larceny conviction, the sentences to run concurrently. Defendant appeals and contends that the evidence was legally insufficient to support her conviction of robbery in the first degree. We disagree.

Defendant's appeal is bottomed upon the expressed conclusion of County Court that defendant did not know that Fagan had a knife when they went to the supermarket and other comments of the court expressed during an exchange between defendant's attorney and the court upon argument of defendant's motion to dismiss at the close of the evidence. Defendant argues that since she was unaware that defendant had a knife, she could not be guilty of robbery in the first degree. Neither the court's conclusion nor his comments on the motion, which were entirely proper, afford any relief for defendant. Testimony indicates that after Fagan had slashed at Jones with the knife and had held Jones and Sobiech at bay, defendant continued to assist Fagan by picking up the cartons which had fallen from the bag during the struggle, retreated with him from the store and then escaped with him in defendant's vehicle. Thus, the knife wielding and assault on Jones were the culmination of a continuum of events in which defendant participated and continued to participate after it was clear that Fagan was wielding a knife and intended to injure, if necessary. In such circumstances, it was reasonable for County Court to conclude that the purpose of both was to use the knife *(see, People v Bell,* 94 AD2d 894, 896, *affd* 63 NY2d 796, citing *People v Bosque,* 78 AD2d 986, *lv denied* 52 NY2d 901, *cert denied* 451 US 992). Penal Law § 20.00 provides that a person is criminally liable for the conduct of another when he "intentionally aids such person to engage in such conduct". This record provides legally sufficient evidence to support defendant's conviction for robbery in the first

degree. Nor do we find that the verdict is against the weight of the evidence.

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.