■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered December 14, 1987, convicting him of murder in the second degree, manslaughter in the first degree, attempted robbery in the first degree (two counts), attempted robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Specifically, there was sufficient evidence to support the conviction of felony murder based on the evidence of the defendant's participation in the attempted robbery. According to the defendant's own statement, although he was not feeling well and wanted to go home, he

voluntarily accompanied a friend and two others, after his friend specifically stated that they were going to "make some money" by looking for someone or something to "rip off". At the time, the defendant knew that his friend was armed, and there was some evidence that he himself was armed. There was also evidence that, after the incident, the defendant took the weapons used during the commission of the offense to his mother's house. The jury could have properly concluded from this testimony that the defendant's intention was to commit the robbery (see, People v Bosque, 78 AD2d 986).

We note also that the defendant was not entitled to a circumstantial evidence charge because one witness testified that the defendant had admitted participation in the robbery and the shoot-out which resulted in the victim's death. That testimony constituted some direct evidence of guilt despite the fact that the witness in question admitted to making a prior inconsistent statement, attributing the confession to another.

We have considered the defendant's remaining contentions, and find them to be without merit. Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.