OPINION OF THE COURT
Wachtler, J.
The defendant was convicted of murder for stabbing and killing a woman and her two children in their Bronx apartment. The Appellate Division reversed and ordered a new trial on the ground that the court’s charge on intent violated the Supreme Court’s recent decision in Sandstrom v Montana (442 US 510). The Appellate Division also held that the error was not harmless and was reviewable as a question of law although the defendant had not preserved the point by objecting to this portion of the charge at trial. The People have appealed.
On the afternoon of March 21, 1977 the defendant and a coworker, Dale Turner, went to the defendant’s apartment for lunch. Soon after their arrival, the defendant said he was going upstairs "to check on” Deborah Williams, who also resided in the building with her two daughters, aged three and five. When the defendant returned he was crying and he told Turner that "Deborah is dead”. Turner called the police. When the police arrived they found Deborah Williams dead in her apartment with a broken knife in her back. They also *470 found, that her two daughters had been stabbed but were still alive. The children, however, later died at the hospital. The autopsy confirmed that each of the victims had died as the result of numerous stab wounds to the body and head — 25 wounds in the case of one of the children. In each instance the victims’ skull had also been fractured.
The defendant initially told the police that he and Deborah Williams were "just friends”. Other witnesses, however, later informed the police that the defendant was her lover, had proposed marriage and had keys to her apartment. The investigation also indicated that the defendant was a jealous lover who suspected that she was seeing other men and had said that he would kill her for doing so.
Approximately a week after the killing the police questioned the defendant again. This time, after being advised of his rights, the defendant confessed to the crimes and gave the police and prosecutor three statements. He admitted that he had gone to the Williams’ apartment at 1:00 a.m. on March 21 to talk to Deborah about her seeing another man. An argument followed, the defendant hit her and, when she turned her back, he stabbed her with a knife and broke the handle. He also punched and kicked her as she fell to the floor. When the children began to cry the defendant went into the next room and stabbed them with a pair of scissors. Returning to the living room he found their mother still alive. She asked why one of the girls was crying and he said that she wanted to come into the room. He then left and stabbed the girl several more times. He said that he remained in the apartment until approximately 4:00 a.m. Before leaving he went around and stabbed the victims again.
At the trial the defendant took the stand, denied his guilt and claimed that the police had tricked and coerced him into making the three confessions. He admitted being in the Williams’ apartment earlier that night but testified that he had left before the killings took place.
The court instructed the jury that the defendant was charged with three counts of murder in the second degree, which requires proof of intent to kill (Penal Law, § 125.25, subd 1). At the defendant’s request the court also submitted the lesser included offense of manslaughter in the first degree, which requires proof of intent to inflict serious bodily injury (Penal Law, § 125.20, subd 1). The court informed the jury, in general terms, that the People had the burden of proving the *471 defendant’s guilt beyond a reasonable doubt and that the burden never shifts to the defendant. With respect to the element of intent the court emphasized that this was a matter for the jury to decide, and that in resolving the issue they must consider "the facts and all the surrounding circumstances.” The court, however, also stated that "the law says that a person is presumed to intend the natural and probable consequences of his act” and "is presumed to intend that which he actually does.”
The defendant concededly did not object to this portion of the charge at trial. Nevertheless he claimed on appeal that the trial court’s reference to the "presumption” constituted reversible error. The Appellate Division agreed, relying on Sandstrom v Montana (442 US 510, supra) in which the Supreme Court held that charging on the "presumption” without qualification violates due process because the jury may reasonably conclude that the presumption is conclusive or that the burden of proof has shifted to the defendant on the element of intent (see, also, People v Getch, 50 NY2d 456, decided herewith). Here the Appellate Division (at p 283) held that the court’s charge effectively "absolved the People of the duty to prove an essential element of murder in the second degree, viz., intent to kill.” The Appellate Division also rejected the People’s contentions that the error was harmless and that it was not reviewable because the defendant had not preserved the point by objecting to the charge at trial. With respect to the preservation issue the Appellate Division (at p 285) stated: "[T]he Court of Appeals has noted 'no exception is necessary to preserve for appellate review a deprivation of a fundamental constitutional right’. (People v McLucas, 15 NY2d 170, 172; see, also, People v Patterson, 39 NY2d 288, affd 432 US 197.)” Accordingly, the Appellate Division reversed on the law.
As a general rule points which were not raised at trial may not be considered for the first time on appeal (CPL 470.05, subd 2; People v Robinson, 36 NY2d 224; People v Gurley, 42 NY2d 1086; People v Kibbe, 35 NY2d 407, 413-414, affd sub nom. Henderson v Kibbe, 431 US 145). There is, however, one very narrow exception as we noted in People v Patterson (supra). In that case we said that no objection is necessary to preserve a point of law for appellate review when the procedure followed at trial was at basic variance with the mandate of law prescribed by Constitution or statute (People v Patter *472 son, supra, at pp 295-296; see, also, People v Michael, 48 NY2d 1). It is to be noted that in Patterson the defendant challenged the constitutionality of section 125.25 (subd 1, par [a]) of the Penal Law which places upon the defendant the burden of proving extreme emotional disturbance as an affirmative defense to murder. We held that this argument could be raised for the first time on appeal. It was noted (at p 296) that if “the burden of proof was improperly placed upon the defendant, defendant was deprived of a properly conducted trial.” We also recognized that the defendant’s failure to object was excusable because the statutory practice had previously been deemed valid and had only been called into question by an intervening Supreme Court decision.
In Patterson then the trial court had expressly and unequivocally instructed the jury, as the statute directed, that the burden of proof was on the defendant to prove the affirmative defense. In the case now before us, on the other hand, there is no contention that the court expressly shifted the burden of proof to the defendant or explicitly relieved the People of their burden of proving every element of the crimes charged. Rather it is urged that a portion of the court’s charge is capable of being so interpreted and having this effect although, as indicated, the court specifically instructed the jury that the burden was on the People throughout. A claim that the court erred by expressly shifting the burden of proof to the defendant or relieving the People of their obligation to prove the defendant’s guilt beyond a reasonable doubt presents a more basic defect, and is potentially more prejudicial, than a contention that a portion of the charge may be interpreted as having this effect. Thus when a court’s specific instructions on the burden of proof properly place the burden on the People, a claim that a portion of the charge could, in the particular case, be interpreted as having a contrary effect, does not come within the narrow exception to the rule that objections to the charge must be made at trial where the potential error can be corrected or avoided (People v Robinson, 36 NY2d 224, supra).
We recognize that at trial the defendant did not have the benefit of the Sandstrom decision which was announced after the trial was concluded. But Sandstrom did not alter the law of this State. For more than a century, the charge condemned in Sandstrom has been held by this court, to be erroneous as a matter of State law (Stokes v People, 53 NY 164, 179; People v *473 Baker, 96 NY 340, 350; People v Downs, 123 NY 558, 564-568; People v Flack, 125 NY 324, 335; People v Weiss, 290 NY 160, 171). Thus the defendant’s failure to object cannot be excused on the ground that he was confronted at trial with a practice held or deemed to be valid which was only called into question by a Supreme Court decision announced while the case was on appeal.*
We also recognize that charging the "presumption” without qualification, as the defendant contends was done here, must now be viewed as a violation of the Constitution as well as State law. But the rule requiring a defendant to preserve his points for appellate review applies generally to claims of error involving Federal constitutional rights (see People v Tutt, 38 NY2d 1011). The Supreme Court has recently indicated that when the defendant claims, for the first time on appeal, that the court’s charge erroneously shifted the burden of proof, the State courts are free to enforce "the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error” (Hankerson v North Carolina, 432 US 233, 244, n 8).
The Appellate Division may, as a matter of discretion, consider claims of error which were not properly preserved for review (CPL 470.15, subd 6, par [a]). In this case though the Appellate Division reversed on the law after concluding, erroneously, that the alleged error in the charge presented a *474 reviewable question of law despite the lack of objection. Since the Appellate Division erred in reversing on the law, its order must be reversed (People v Cona, 49 NY 26, 33-34).
Accordingly, the order of the Appellate Division should be reversed and the case remitted to that court for review of the facts.

 The cases cited in the concurring opinion do not, in fact, hold to the contrary. People v Lieberman (3 NY2d 649) did not involve a claim of error in the charge, but a contention that the evidence was legally insufficient to support a conviction. In such a case, of course, an appellate court should "presume” that the defendant intended the natural consequences of his acts because the court must view the evidence most favorably to the prosecution by drawing any inferences which a jury would be permitted to draw at trial (People v Benzinger, 36 NY2d 29, 32). In Thomas v People (67 NY 218, 225) the trial court’s reference to the defendant’s acts as "presumptive evidence” of intent, was held not to be reversible error since the court had "not charged that the evidence was conclusive” and had, indeed, informed the jury that it did not necessarily establish intent, "you might find the contrary”, it is simply "evidence from which such a conclusion might be drawn, according as the jury shall find from all the circumstances in the ease” (emphasis added). That decision obviously does not constitute an indorsement of a Sandstrom charge (see People v Getch, 50 NY2d 456, decided herewith). In fact none of the cases from this court cited in the concurring opinion hold that it is proper for the court to charge the jury, without qualification, that the law presumes that one intends the natural consequences of his acts, as the court had charged in Sandstrom. On the contrary, as noted above, when confronted with that precise issue we have repeatedly held for more than a century that it is not proper to give that instruction in this State. It has been recognized that this rule is well settled in New York (Richardson, Evidence [10th ed], § 90).