■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT ROBERT GREEN, Also Known as DAHU ALLAH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 14, 1978, convicting him of murder in the second degree, attempted murder in the second degree; assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was tried for murder, attempted murder, assault and weapons possession resulting from circumstances surrounding the death of Waites Winston Woodberry, Jr., and the shooting of Robert Gadson outside a community center in Bedford Stuyvesant after a quarrel. Prior to the shootings, the defendant, an accomplice and the victims, all of whom knew each other, were drinking beer and smoking marihuana outside the community center. Defendant shot Gadson and Woodberry after they admitted misappropriating funds which had been donated by area numbers runners to upgrade the community centers used by the Muslim sect of which they were members. After the shootings, defendant and the accomplice walked away from the scene and left the area in a taxicab. In charging intent to the jury, the trial court declared: *"It is a fundamental rule of evidence that a person is presumed to intend the natural consequences of his act, unless the act was done under circumstances or conditions which preclude the existence of such an intent.* On that point, in this case, I call to your attention, without suggesting whether you should think about it, talk about it, agree upon it or not, that's your function. You have a right to take into consideration the testimony of the witnesses who testified to the use of reefers or Marijuana if you should find that the defendant was the one, A, who committed the crimes charged and, B, under the circumstances, if he had, by the use of reefers, the intent to commit the crime. That is your function and nobody can interfere with it, no *[sic]* in the slightest degree." (Emphasis supplied.) During its deliberations, the jury returned on two occasions to inquire as to the definition of intent. In each instance, the court gave a thorough instruction as to intent but repeated the reference to the presumption of the natural and probable consequences of the act, each time adding the admonition concerning the use of "reefers". On this appeal, the defendant, *inter alia,* challenges the court's instruction concerning the presumption relying, of course, on *Sandstrom v Montana* (442 US 510). We conclude the reliance is misplaced and that affirmance is required. In the first place, the error, if any, was not preserved by exception (see *People v Thomas,* 50 NY2d 467) and secondly, the charge in its totality did not shift the burden of proof. The trial court specifically instructed the jury that the burden of proof never shifted from the People and that the burden of establishing guilt beyond a reasonable doubt extended to each and every element of each charge against the defendant (see *People v Thomas, supra).* Furthermore, the presumption was not charged without qualification (see *People v Getch,* 50 NY2d 456). In the original charge, the court told the jury that it had the right to consider the testimony of the witnesses who testified to the use of reefers and whether by use of the reefers the defendant "had the intent to commit the crime." In the subsequent instructions, the court again referred to the use of reefers. This repeated emphasis on the effect that reefers might have on intent not only qualified the statements concerning the offensive presumption, but more than compensated for any error which may have existed as a result of the statements. Indeed, if error existed, it was harmless beyond a reasonable

doubt. We have considered the defendant's other contentions and find them to be without merit. Lazer, J. P., Gibbons, Martuscello and O'Connor, JJ., concur.