■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAP-PETTA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 21, 1978, convicting him of grand larceny in the second degree (seven counts), falsifying business records in the first degree (three counts), and official misconduct, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by vacating the provision of the sentence imposed which requires defendant to make restitution of $51,000. As so modified, judgment affirmed. Defendant, a former custodian of Far Rockaway High School, stands convicted of stealing funds entrusted to him by the New York City Board of Education for the purpose of running the school's custodial services. At the trial, defendant contended that certain accomplices who had testified on behalf of the People had lied to conceal their own involvement in the crimes. Defendant did not contest the New York City Board of Education's ownership of the funds in question, nor did he raise an issue as to whether he intended to take those funds permanently. Rather, his defense was that the funds were appropriated by the accomplices without his knowledge. Although defendant requested numerous instructions on the significance of accomplice testimony, he did not request that the court explain the definition of the term owner, nor did he request a clarification of the meaning of the terms deprive, withhold or appropriate (cf. *United States ex rel. Arena v People of the State of New York,* 497 F Supp 494). For the first time on appeal, defendant contends that the trial court should have clarified the meaning of these terms, and marshaled the facts relevant thereto. These allegations of error have not been preserved for appellate review (see CPL 470.05, subd 2; *People v Thomas,* 50 NY2d 467). Nor is reversal warranted in the interests of justice. The evidence at trial established that the New York City Board of Education was owner of the funds in question, and that defendant was merely a bailee of those funds, with a pre-existing duty to return to the board any money in excess of his salary and his expenses in running the school's custodial services (see *People v Robinson,* 284 NY 75; *People v Meadows,* 199 NY 1; cf. *People v Yannett,* 49 NY2d 296). At the trial, defendant made a strategic decision not to raise the question of ownership, and

to rely instead on his claim that the funds were appropriated without his knowledge. Further, no reasonable view of the evidence would support a claim that if defendant did participate in the scheme to steal the funds, he did not intend to take those funds permanently. Therefore, the trial court's failure to clarify the meaning of the terms deprive, withhold or appropriate was not crucial to defendant's case (see Penal Law, § 155.00, subd 3; cf. *United States ex rel. Arena v People of the State of New York, supra*). However, as the People concede with commendable candor, at the time that the sentence was imposed, restitution could only be required as a condition of probation (see Penal Law, § 60.01, subd 3; cf. L 1980, ch 290, § 1). Therefore we vacate the provision of the sentence imposed which required defendant to make restitution of $51,000. We have considered defendant's remaining contentions and find them to be without merit. Damiani, J. P., Titone, Mangano and Weinstein, JJ., concur.