■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PINKY BROWN, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant contends that the judgment convicting him of felony murder, robbery and burglary must be set aside because the court erred in failing to instruct the jury that the guilty plea entered by his codefendant could not be considered as evidence of defendant's guilt. That contention is without merit. Because defendant neither requested that charge nor took exception to the court's failure to so charge, the question has not been preserved for our review (*see, People v Karabinas,* 63 NY2d 871; *People v Johnson,* 61 NY2d 656; *People v*

*Creech,* 60 NY2d 895). Nor does a review of the issue in the exercise of our discretion require a reversal in the interest of justice (CPL 470.15 [3] [c]). Of the many cases relied upon by defendant, none provides authority for the proposition that a trial court is required to instruct a jury *sua sponte* that a codefendant's guilty plea may not be considered as probative on the issue of defendant's guilt. There is no claim that defendant was deprived of a fair trial and, in view of the overwhelming evidence of his guilt, there is no reasonable possibility that defendant would have been acquitted had it not been for the failure to give such jury instruction (*see, People v Crimmins,* 36 NY2d 230). We have considered defendant's other arguments and find them to be without merit. (Appeal from judgment of Erie County Court, Wolfgang, J. — murder, second degree, and other charges.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Schnepp, JJ.