■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN JOHNSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the judgment convicting him of third degree grand larceny must be reversed because the court failed to instruct the jury *sua sponte* that the guilty plea entered by his accomplice could not be considered as evidence of defendant's guilt. Defense counsel elicited this information on cross-examination to impeach the accomplice's credibility. The question has not been preserved for our review and we may not reverse the judgment upon the law (CPL 470.05 [2]; *see, People v Thomas,* 50 NY2d 467). Nor do we exercise our discretion to reverse in the interest of justice (CPL 470.15 [3] [c]). The accomplice testified on direct examination as to defendant's participation in the crime and there is no reasonable possibility that defendant was denied a fair trial or would have been acquitted had it not been for the failure to give such jury instruction *(see, People v Crimmins,* 36 NY2d 230; *People v Brown,* 109 AD2d 1091, *affd* 66 NY2d 997). (Appeal from judgment of Genesee County Court, Morton, J.—grand larceny, third degree.) Present—Dillon, P. J., Denman, Boomer, Pine and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONZO THOMPSON, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Erie County Court, Wolfgang, J.—attempted burglary, third degree.) Present—Callahan, J. P., Doerr, Denman, Green and O'Donnell, JJ.