◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRYSTINA MARSHALL, Appellant.—Mikoll, J.

The issue raised on this appeal is whether County Court erred in its instructions to the jury regarding the defense's stipulations of certain facts and whether the charge was adequate on the defense of duress.

The defense stipulated before trial that material which was purchased from defendant in March and September 1983 was in fact cocaine. Defendant's testimony indicated that she was an unwilling cog in a cocaine distribution ring. In support of her defense of duress, defendant testified that in early February 1983, Richard Coons moved into her home in the City of Schenectady. She contended that Coons and others forced her to deal in drugs through physical and verbal threats and intimidation against her and her children. She became addicted to cocaine because Coons forced her to use it.

In May 1983, defendant's arm was broken when Coons threw her off the porch. He also attempted to shoot through the door of her house with a 12-gauge shotgun after a warrant had been issued for his arrest for the May assault. Defendant also claimed that Coons used physical force and threats against her son to gain her continuing acquiescence to continue drug sales. She indicated that she acted out of fear for her own and her children's safety. Defendant's sales of cocaine continued after Coons was jailed. These, she contends, were prompted by threats from others in the drug ring to pay up for moneys owed from past unpaid transactions. She testified that she never dealt in cocaine before Coons moved in with her. The prosecution's witness, Officer Lloyd Wilson, testified in rebuttal that he had an informant purchase drugs at defendant's address before Coons commenced living there. Defendant denies this and stated that the buy occurred when Coons was already there.

Defendant contends that County Court charged improperly that the stipulation of the parties established all the elements of the crimes charged, that is, sale and possession of controlled substances. In the charge, the court properly explained the People's burden of proof and set out the elements of each of the crimes with which defendant had been charged. The court, in reference to the stipulation, indicated that defendant conceded both knowing and unlawful sale and possession of cocaine. County Court then proceeded to instruct that defendant's plea of not guilty was premised on the defense of

duress. The instruction was in total accord with the defense's stipulations and the theory of defense. The clear implication of the jury charge was that the stipulation admitted the crimes but that the defense of duress, if proven, required a finding of not guilty. No objections were made by defendant regarding this aspect of the case. We conclude that County Court properly instructed the jury.

Defendant further contends that County Court committed error by failing to point out to the jury that her defense of duress consisted not only of use or threatened use of physical force upon defendant, but use or threatened use of physical force on third persons, namely, her children. We note that no objection was made to this omission. Having failed to object to both contentions of error in the charge, the errors are deemed waived *(see, People v Thomas,* 50 NY2d 467).

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.