Domingo VARGAS, Petitioner,

v.

Robert HOKE, Superintendent, Eastern
New York Correctional Facility, et
al., Respondents.

No. 86 Civ. 8349(PNL).

United States District Court,
S.D. New York.

July 14, 1987.

Domingo Vargas, pro se., Eastern N.Y. Correctional Facility.

Robert M. Morgenthau, Dist. Atty., N.Y. County, New York City, Marc Frazier Scholl, Asst. Dist. Atty., for respondents.

## OPINION AND ORDER

LEVAL, District Judge.

The petitioner, Domingo Vargas, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, advancing three grounds for relief: First, that his guilt was not proven beyond a reasonable doubt because the People's primary witness had a motive to lie and made prior inconsistent statements. Second, that he was denied due process of law by the jury charge, the prosecutor's summation, and by the improper introduction into evidence of a prior consistent statement during the People's direct case. Third, that his sentence is excessive. All three grounds lack merit; the petition for a writ of habeas corpus is accordingly denied.

### Background

After a jury trial in November of 1982, the petitioner was convicted of Attempted Murder in the Second Degree, New York Penal Law §§ 110.00, 125.25, and Criminal Possession of a Weapon in the Fourth Degree, New York Penal Law § 265.01. He is currently serving a sentence of an indeterminate term from eight-and-one-third to twenty-five years. The petitioner appealed his conviction to the New York State Appellate Division, First Department, raising the same issues presented in the current petition. On March 26, 1985, the Appellate Division unanimously affirmed the conviction without opinion. Leave to appeal to the Court of Appeals was denied.

### Discussion

#### A. Insufficiency of the Evidence

Petitioner's first contention, that he is entitled to relief because his guilt was not proven beyond a reasonable doubt, is entirely without merit. A conviction will only be set aside on habeas review for insufficiency of evidence if no rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The evidence is to be reviewed in the light most favorable to the prosecution. *Id.* at 319, 99 S.Ct. 2789.

The evidence adduced at trial strongly supports the jury's finding of guilt beyond a reasonable doubt. David Katz, the victim and the State's primary witness, testified that at approximately 4:15 in the morning on July 7, 1981, he was driving on the West Side Highway on his way to work when a driver he was passing "turned his car and hit me." (Katz at 32.) Katz then pulled off the road to inspect the damage to his car; the driver of the other car pulled in front of Katz. Katz testified that he got out of his car and was copying down the license number of the other car when the other driver and his passenger

approached with "long sticks," which looked to him like ice picks. The driver stabbed Katz repeatedly in the neck, while the passenger stabbed him in the stomach. Katz testified that he then ran back to his car in an effort to escape. The passenger chased him and continued the stabbings through the open car window. Meanwhile, according to Katz's testimony, the driver was on the ground attempting to puncture Katz's left front tire. Katz escaped, but in doing so ran over and killed the other driver, who was later identified as one Jorge Diaz. Katz, in a lineup and at trial, identified the petitioner as the passenger.

The petitioner contends that no rational trier of fact could have found him guilty beyond a reasonable doubt because Katz's testimony was inherently incredible. First, in Vargas' view, Katz had a motive to lie so as to avoid prosecution for killing Diaz. Second, Katz's testimony that he was attacked by both men wielding "long sticks" is undercut by two prior inconsistent statements, one made to a police officer at the hospital and the other to the Grand Jury. In both prior instances, Katz indicated that there was only one weapon. The jury, however, chose to credit Katz's testimony. Their doing so was entirely reasonable.

### B. Jury Instructions, People's Summation, and Admission of a Prior Consistent Statement

The petitioner also contends that he was denied a fair trial by various erroneous jury instructions and an improper prosecutor's summation. The petitioner, however, failed to raise contemporaneous objections to a number of faults he now contends were present in the charge and summation. Under New York law, such failure precludes raising the objection on appeal. *See* N.Y.C.P.L. § 470.05(2). To the extent the Appellate Division based its affirmance on this procedural default, there exists an independent and adequate state ground of decision.

█ Since the Appellate Division affirmed without opinion, it is not possible to determine whether the affirmance was based on the procedural grounds or on the merits of the petitioner's contentions. When the State argues in the alternative that a criminal conviction should be affirmed on procedural grounds and on the merits, and when the Appellate Division affirms without opinion, this Circuit generally assumes that the ruling was based on the procedural default. *See Roman v. Abrams,* 822 F.2d 214, 222 No. 85–2191, slip op. at 3564 (2d Cir. June 9, 1987); *Rodriguez v. Scully,* 788 F.2d 62 (2d Cir. 1986). The merits will only be considered on habeas review "where it appears unlikely that the court rested its affirmance on [the procedural] ground." *Hawkins v. LeFevre,* 758 F.2d 866, 874 (2d Cir.1985).

There is no reason to believe that the Appellate Division rested its decision on anything but procedural grounds. Although New York courts will consider a limited category of fundamental and substantial errors even though no contemporaneous objection was raised, the errors the petitioner alleges go to neither the "essential validity of the proceeding," *see People v. Patterson,* 39 N.Y.2d 288, 383 N.Y.S.2d 573, 578, 347 N.E.2d 898, 903 (1976), *aff'd sub nom., Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), nor are they "at basic variance with the mandate of law prescribed by Constitution or statute," *see People v. Thomas,* 50 N.Y.2d 467, 429 N.Y.S.2d 584, 586, 407 N.E.2d 430, 432 (1980).

The petitioner contends that the court's charge on reasonable doubt was defective for two reasons: First, by instructing that a reasonable doubt "leaves a juror's mind in a state in which he may honestly say that he is prevented from believing the defendant's guilt," (Charge at 543), the charge "suggested" that the defense carried the burden of proof. And second, by stating that the jurors must acquit it their minds are "wavering," (Charge at 543), the charge implied an impermissibly low burden of proof. The petitioner also contends that it was improper for the charge to include an irrelevant instruction on the justification defense. Finally, the petitioner objects to the portion of the State's summation addressing accomplice liability.

It is unlikely that the Appellate Division reached the merits of the petitioner's objections to the instructions on burden of proof. In *People v. Thomas*, 429 N.Y.S.2d at 587, 407 N.E.2d 430, in 1980 the New York Court of Appeals distinguished between a claim that the court erred by explicitly placing the burden of proof on the defendant and a claim that a portion of the charge might be misinterpreted by the jury as incorrectly placing the burden of proof on the defendant. The Court held that the later does not fall within the narrow exception to the contemporaneous objection rule. Similarly, the Second Department has held that if a defendant does not object to a "wavering mind" instruction at trial, the objection is not preserved for appeal. *People v. Fisher*, 491 N.Y.S.2d 833, 834, 112 A.2d 378 (2d Dept.1985).

It is also unlikely that the Appellate Division reached the merits of the petitioners challenge to the justification defense instruction or to the State's summation. The instruction was apparently included in reference to Vargas' defense that Katz had a motive to lie so as to avoid prosecution for killing the other driver. Whether or not the instruction was at all relevant to the proceeding, its presence was not at variance with "the mode of procedure mandated by Constitution and statute," and thus did not "irreparably taint[ ] the entire proceeding." *Patterson*, 383 N.Y.S.2d at 577–78, 347 N.E.2d 898.

Likewise, the People's discussion of intent during summation did not undermine the "essential validity" of the proceeding. *Patterson*, 383 N.Y.S.2d at 578, 347 N.E.2d 898. To the contrary, read as a whole, the summation properly instructed the jury that it had to find that the defendant, and not simply his accomplice, acted with the requisite intent. But even if there is some slight ambiguity in the summation, it is very unlikely that the Appellate Division found that the error was so fundamental that the defendant's failure to raise a contemporaneous objection should be overlooked.

■ Therefore, there are adequate and independent state grounds for upholding the conviction. Because the petitioner has made no showing of cause for the procedural default or of prejudice resulting therefrom, he is barred from raising these objections through a petition for habeas corpus. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Moreover, even if the procedural default is ignored, the petitioner has not established a due process violation, and thus would not be entitled to relief.

The petitioner, however, did make timely objections as to two points which he now raises for review. He contends, first, that the court's instruction on accomplice liability and intent was improper and, second, that the court committed error by allowing the People to introduce a prior consistent statement during its direct case. Neither objection raises constitutional error.

■ The petitioner argued before the Appellate Division that the charge on accomplice liability omitted the element of intent. In particular, the petitioner points to one sentence in the charge: "Under our law a person who aids, assists or participates in the commission of a crime is as guilty as any other person taking part in that crime." (Charge at 555.) However, as the petitioner acknowledges, the court then read from the statute, indicating that to find the defendant guilty for the conduct of another, the jury must find that the defendant acted with the "mental culpability required for the commission" of the crime. (Charge at 555.) The court then emphasized the intent requirement by noting that "[i]n order to find a person criminally liable for the conduct of another you must find that in addition to mental culpability, that is the intent and knowledge with which he acted, that he aids, assists or participated in the crime." (Charge at 555.)

Thus, the charge accurately instructed on the element of intent in accomplice liability. Moreover, any lack of clarity in the court's charge certainly did not rise to the level of constitutional infirmity.

The petitioner also contends that the court improperly allowed the People to introduce a prior consistent statement to bolster its direct case. Louis Gonzales, a

neighbor of Vargas', testified that on the night of the attack he saw an ice pick under the front seat of Diaz's car and that he saw Diaz and Vargas drive off together in the car at around eleven p.m. He also testified that the following day Vargas told him that Diaz was dead and threatened to kill Gonzales' wife if Gonzales said anything. The People then introduced a prior statement of Gonzales' in which Gonzales asserted that Vargas said, "I know you know I was with Jorge [Diaz] last night. If you tell anybody I will kill your wife." (Gonzales Direct at 412.)

█ It is uncontested that the admission of the prior consistent statement was improper according to the rules of evidence. *See* N.Y.C.P.L. § 60.35; 4 Wigmore, *Evidence* § 1124 (Chadbourn rev. 1972). Evidentiary rulings, however, are reviewable through a habeas petition only to the extent they infringe constitutional rights. Considered in the context of the entire trial, I find that the admission of the prior consistent statement was of trivial importance and certainly did not rise to the level of being "so fundamentally unfair as to deny the defendant a fair trial." *Orr v. Schaeffer*, 460 F.Supp. 964, 966 (S.D.N.Y. 1978) (Weinfeld, J.); *see also United States ex rel. Palmer v. DeRobertis*, 738 F.2d 168, 170 (7th Cir.), *cert. denied*, 469 U.S. 924, 105 S.Ct. 306, 83 L.Ed.2d 241 (1984). The prior consistent statement added little to the People's already compelling case. The admission of this evidence did not undermine the fundamental fairness of the trial.

## C. *Excessive Sentence*

The petitioner also contends that his sentence to the maximum term was based in part on unproven allegations of other crimes and, in light of his otherwise clean record, should be set aside as excessive. In particular, he contends that it was improper for the sentencing court to consider the People's allegations that the petitioner may have been involved in a similar attack on another motorist and that he was involved in tampering with a witness.

At sentencing, the People urged two aggravating factors upon the court. First, the Assistant District Attorney discussed a similar assault which occurred a few days prior to the assault on Katz. According to the People, at a spot very close to where the assault on Katz took place, two men forced one Efraim Smith out of his car, robbed him at knifepoint, stabbed him numerous times, and absconded with his car. The People further asserted that Smith's car was the car used by Vargas and Diaz on the night Katz was assaulted. At a lineup, Smith failed to identify Vargas as one of the assailants, but noted that the night of the attack was too dark and rainy for him to get a good look at the assailants.[1] Second, the prosecutor stated that during the pendency of the action against Vargas, Vargas threatened a witness, who ultimately did not appear for reasons independent of the threat. Vargas was arrested and charged with tampering with a witness.

Vargas denied both assertions. He stressed that Smith was unable to make an identification at the lineup and asserted that the People lacked a case against him on the witness tampering charge. In addition, taking issue with the jury's verdict, Vargas continued to deny his guilt.

The judge, in passing sentence, noted that the jury evidently believed that the defendant's testimony during trial was "a tissue of lies," and that Vargas and Diaz "clearly intended to kill their victim before taking his car, possibly his money, or both." (Sentence at 14, 16.) He imposed the maximum sentence.

█ The constraints of due process do not limit a sentencing court's discretion to consider any circumstances or background that may aid in the determination of sentence. *See Billiteri v. United States Board of Parole*, 541 F.2d 938, 944 (2d Cir.1976). The sentencing judge might properly have considered the People's allegations. There is some question, however, whether an adequate factual basis was established. Recently, in *United States v. Lee*, 818 F.2d 1052, 1053 slip op. at 3050 (2d

---

1. Smith did identify Diaz as one of his assailants.

Cir.1987), the Second Circuit held for the first time that the government bears the burden of proof at sentencing and must proffer evidence satisfying that burden by a preponderance of the evidence, whether or not the defendant has requested a *Fatico* hearing.[2] This holding was premised, at least in part, on federal constitutional grounds, and thus arguably may be extended to cases on habeas review.

█ I conclude, however, that the sentencing judge did not rely on the disputed facts in passing sentence. To the contrary, the judge, in referring to the attack on the other motorist, stated that it represented a dangerous modus operandi, "whether this defendant was responsible for that *Or not*," and that "the only sensible way to indicate that an effort is going to be made to stop it is to impose a very severe sentence on *those defendants that are caught*." (Sentence at pp. 15–16; emphasis supplied.) The judge made no mention of the allegations of witness tampering. Instead, he relied on the facts as adduced at trial in imposing the maximum sentence: "There is no theory to justify a sentence less than the maximum.... It is clear that Vargas continued to assault Katz to prevent Katz from leaving the scene to save his life and get away from the scene of the attack." (Sentence at pp. 16–17.) Because the sentencing Judge did not rely on the contested allegations of other crimes, but on the offense proved at trial, *Lee* has no application to these facts.

In any event, even if the judge had relied on the People's allegations, I doubt *Lee* would apply. *Lee* involved a federal criminal proceeding where the trial judge sentenced in reliance on challenged aggravating factors alleged in the presentence report and the Government's sentencing memorandum. The court held that a defendant who challenges the truth of alleged aggravating circumstances has a right to have it shown that the allegations are backed-up by information that could support a finding by a preponderance of

the evidence. The district court had heard a proffer by the Assistant United States Attorney and the defendant had declined to request a *Fatico* hearing. The Court of Appeals ruled that on this record, the sentencing judge had acted properly in relying on the alleged aggravating circumstances.

Notwithstanding occasional references in the *Lee* opinion to due process rights, I doubt that the Court of Appeals intended to subject all state court sentences to habeas review whenever it cannot be determined from the record whether the state judge relied on contested allegations of aggravating circumstances unsupported by an adequate proffer, much less to do so retroactively. Such a ruling would likely throw open innumerable state court sentences, long after it ceased to be possible to ascertain whether the sentencing judge had relied on the allegations or how those allegations were supported. Resentencing might frequently be required, sometimes years after the relevant events, leaving memories faded and evidence unavailable. The reasonable reliance of courts and society on long closed business would be frustrated. *See Allen v. Hardy*, —— U.S. ——, 106 S.Ct. 2878, 2880–81, 92 L.Ed.2d 199 (1986).

Despite the occasional reference in *Lee* to due process, I assume that what was intended was a prospective supervisory direction to federal district judges as to how to proceed where a specific challenge is raised at sentencing to aggravating allegations. Accordingly, I conclude that the *Lee* ruling has no bearing on this proceeding.

█ Finally, the petitioner claims that given his otherwise clean record, his sentence of an indeterminate term from eight-and-one-third years to twenty-five years should be set aside on Eighth Amendment grounds. Given the exceptionally violent nature of the crime of which the petitioner was convicted, I find this contention to be absurd.

**2.** Traditionally, no prescribed burden of proof has applied at sentencing. *See McMillan v.*

*Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 2420, 91 L.Ed.2d 67 (1986).

*Conclusion*

The contentions raised by the petitioner, considered separately and in combination, fail to establish grounds for habeas relief. The petition for a writ of habeas corpus is accordingly denied.

SO ORDERED.