■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILFORD ARMOUR, Appellant.

The defendant challenges the sufficiency of the evidence adduced at trial to establish his guilt of the two counts of robbery in the first degree premised upon his accomplice's display of what appeared to be a handgun *(see,* Penal Law § 160.15 [4])* and his own use of a dangerous instrument *(see,* Penal Law § 160.15 [3])*, respectively.

With respect to count one, a review of the record shows that the accomplice held his hand in his jacket pocket in such a way that it appeared to the complainants that he had a gun *(see, People v Baskerville,* 60 NY2d 374; *People v Knowles,* 79 AD2d 116). Moreover, the complainant John Lashley testified that he actually saw something protruding from the accomplice's jacket which further convinced him that the robber had a gun. The fact that the complainants never actually saw a gun is not determinative of this issue when there is some display or conduct by a robber indicative of his possession of a gun *(see, People v Carrington,* 127 AD2d 677, *lv denied* 69 NY2d 1002; *People v Copeland,* 124 AD2d 669, *lv denied* 69 NY2d 710; *People v Cassidy,* 109 AD2d 747). Here, the evidence fully supported a finding by the jury that there was a conscious display by the defendant's accomplice of what appeared to be a handgun *(see,* Penal Law § 160.15 [4]; *People v Baskerville, supra; People v Knowles, supra).*

In order to sustain their burden with respect to count two, the People were required to prove that the defendant used an instrument during the crime which was "readily capable of causing death or other serious physical injury" *(see,* Penal Law § 10.00 [13]; *People v Pena,* 50 NY2d 400, 407, *cert denied* 449 US 1087; *People v Baskerville, supra).* In this case John Lashley testified that his pants had been cut by something used by the defendant. Neither complainant ever saw the instrument, nor did it come into contact with Mr. Lashley's leg. Although the witnesses described the cut made, the actual pants were not introduced into evidence.

We find the circumstantial evidence offered to be insufficient for the jury to properly infer the use or threatened use of a dangerous instrument *(see, People v Lemon,* 124 AD2d 679, *lv*

*denied* 69 NY2d 747; *People v Green,* 124 AD2d 1065; *cf., People v Pena, supra; People v Lawrence,* 124 AD2d 597, *lv denied* 69 NY2d 713). There was, however, sufficient evidence to support a conviction of the lesser included offense of robbery in the third degree *(see,* Penal Law § 160.05).

The other contentions raised by the defendant are unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, they are either without merit or harmless *(see, People v Crimmins,* 36 NY2d 230). Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.