THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL SANCHEZ, Appellant 

The defendant's conviction of the crimes of burglary in the first degree and assault in the first degree arises out of an incident which occurred during the early morning hours of May 18, 1985. The testimony of the People's witnesses indicated that defendant broke the window of the apartment of his ex-wife's paramour and climbed inside. Thereupon, he stabbed his ex-wife's paramour multiple times until subdued by several neighbors. Viewing the evidence adduced at the trial in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction.

The defense introduced evidence at the trial which indicated that shortly before the crime was committed, a friend of the defendant slipped three mescaline tablets into the defendant's

drink without the latter's knowledge. The defense took the view at the trial that this involuntary intoxication rendered the defendant incapable of performing a voluntary act or forming the requisite criminal intent. The jury, pursuant to the court's charge, found that the defendant's acts were voluntary and were accompanied by the requisite criminal intent, despite his alleged involuntary intoxication. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt on the burglary and assault charges was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed defendant's remaining arguments and find them to be unpreserved for appellant review and, in any event, without merit *(People v Thomas,* 50 NY2d 467; 1 CJI[NY] 9.45, at 518; *People v Short,* 110 AD2d 205, *lv denied* 67 NY2d 657; *People v Sims,* 110 AD2d 214, *lv denied* 67 NY2d 657). Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.