■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS HATZPAVLOU, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohn, J.), rendered August 25, 1987, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and an accomplice were accused of robbing individuals at a social club. At the trial, there was considerable evidence that the defendant and the accomplice displayed what appeared to be handguns or pistols during the commission of the crime. Two witnesses identified a pellet gun produced at trial as the weapon used by the defendant. Another witness testified that the weapon produced at trial was not the

gun used by the defendant. There was conflicting testimony regarding whether the accomplice displayed one or two guns. The defendant's confession stated that one gun the accomplice displayed during the commission of the crime was a BB gun.

The defendant claims that the court incorrectly submitted to the jury the issue of whether the object he displayed was a firearm. However, we note that the defendant failed to raise this contention at trial and thus has not preserved it for appellate review (CPL 470.05 [2]; *People v Whalen,* 59 NY2d 273; *People v Thomas,* 50 NY2d 467; *People v Udzinski,* 146 AD2d 245, 248-252; *People v Green,* 77 AD2d 665). In any event, this claim is without merit.

Penal Law § 160.15 (4) provides that a person is guilty of robbery in the first degree when he forcibly steals property and in the course of the commission of the crime, he or another participant "[d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm". The section provides further that it is an affirmative defense that the object was not an operable firearm from which a shot readily capable of producing death or other serious physical injury could be discharged. While the People have the burden of establishing that the defendant, or another participant in the crime, displayed objects that appeared to be firearms, the defendant has the burden of proving by a preponderance of the evidence that the objects displayed were not operable firearms *(see, People v Baskerville,* 60 NY2d 374; *People v Armour,* 140 AD2d 354).

Here, the record clearly establishes that the defendant and the accomplice displayed objects that appeared to be firearms. However, the evidence was equivocal regarding whether any of the objects displayed were, in fact, not firearms. Therefore, the court properly submitted these issues to the jury.

The defendant also argues that the court erred in charging the jury with an irrebuttable presumption that the object used by the accomplice was a firearm. Further, he contends that the court's charge was so confusing that it deprived him of a fair trial. As with the other claim, these claims have not been preserved for appellate review (CPL 470.05 [2]; *People v Whalen, supra; People v Thomas, supra; People v Udzinski, supra; People v Green, supra).* In any event, these claims are without merit.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.