■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MCADAMS, Appellant. [617 NYS2d 306] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered December 16, 1992, convicting defendant, after a jury trial, of two counts of assault in the first degree and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant's claim that the prosecutor improperly elicited evidence that one of the victims sustained a spontaneous abortion as a result of the stab wounds defendant inflicted upon her is unpreserved for this Court's review (CPL 470.05 [2]), and we decline to review it in the interest of justice. Were we to review the claim, we would find the claim to be meritless as the People were not bound to rest after presenting a minimum of evidence supporting their prima face case (People v Alvino, 71 NY2d 233, 245). Defendant's other objections regarding the prosecutor's conduct during trial are similarly unpreserved, and we decline to review them in the interest of justice. Defendant was provided with meaningful representation (People v Baldi, 54 NY2d 137). Contrary to defendant's claim, raised for the first time on appeal, defense counsel did not abandon the self-defense theory for misidentification mid-trial or during summation but presented and forcefully pursued a self-defense theory while additionally attempting to undermine the credibility of the People's witnesses. In this regard, counsel noted the witnesses' inability to identify defendant and similarly asked the jury to take into account the backgrounds of the witnesses, including the fact that some were drug addicts. Review of the record demonstrates that counsel moved for and conducted the appropriate hearings and achieved some favorable results therefrom. Further, counsel carefully cross-examined the witnesses, made appropriate objections, delivered a summation appropriate to the defense, and argued for a lenient sentence. Significantly, defendant was acquitted of the attempted murder charge.

Defendant's contention that the court's reasonable doubt charge deprived him of a fair trial because it lowered the

standard of proof by allowing the jurors to convict if they were "satisfied that the defendant was guilty of the charge" is unpreserved for this Court's review *(People v Thomas,* 50 NY2d 467). Were we to review it in the interest of justice we would find that viewed as a whole, the charge on reasonable doubt was proper *(People v Coleman,* 70 NY2d 817). Concur— Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.