■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRADY DANIELS, Appellant. [683 NYS2d 507] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered October 30, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

We find nothing in the court's instructions to the jury on reasonable doubt that would exempt defendant's challenge from the requirement of preservation (*People v Thomas*, 50 NY2d 467), and we decline to review this unpreserved claim in the interest of justice. Were we to consider this claim, we would find, upon reviewing the totality of the court's instructions on the People's burden of proof and reasonable doubt, that the charge as a whole conveyed to the jury a correct statement of the law (*see*, *People v Coleman*, 70 NY2d 817).

The court's supplemental instructions to the jury were correct because the identity of the buyer is not a material element of the charge of criminal sale of a controlled substance (*People v Brown*, 196 AD2d 428, *lv denied* 82 NY2d 804). Defendant's further contention that he was prejudiced by the court's "constructive amendment" of the indictment with regard to the identity of the buyer is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find no prejudice because the identity of the buyer was irrelevant to the defense asserted by defendant at trial. Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.