■ The People of the State of New York, Respondent, v Sergio Parra, Appellant. [870 NYS2d 335]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered April 9, 2007, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 23 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant failed to prove by a preponderance of the evidence that he was acting under an extreme emotional disturbance (Penal Law § 125.25 [1] [a]) when he stabbed his estranged wife. The jury had an ample basis on which to reject the claim that defendant's discovery of the fact that his wife was living with another man provided a reasonable explanation or excuse for his claimed mental state (*see People v Maher*, 89 NY2d 456, 463 [1997]; *People v Piquion*, 283 AD2d 233, 234 [2001], *lv denied* 96 NY2d 906 [2001]). Furthermore, there was extensive evidence of conduct by defendant before and after the crime that not only contradicted his defense, but also undermined the testimony of defendant's expert witness, who was impeached by his lack of awareness of important parts of this evidence (*see People v Maher*, 89 NY2d at 463).

Defendant's challenges to the court's jury instructions concerning the requirement of unanimity and the definition of the term preponderance of the evidence are unpreserved. We do not find any mode-of-proceedings error exempt from preservation requirements (*see People v Thomas*, 50 NY2d 467, 472 [1980]), and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we also reject them on the merits. The court sufficiently instructed the jury on both matters, and the differences between the court's phrasing, which followed the New York Criminal Jury Instructions, and the phrasing suggested by defendant amounts, in each instance, to a difference in form rather than substance. The absence of objections by trial counsel did not deprive defendant of effective assistance, since nothing in the instructions at issue was constitutionally deficient or caused defendant any prejudice. Concur—Andrias, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ.